UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERRY ALAN KING,<br><br>                         Plaintiff,<br><br>            -against-<br><br>DONALD TRUMP; JOHN ROBERTS, JR.;<br>NANCY PELOSI; CHARLES GRASSLEY;<br>WILLIAM BARR; UNITED STATES OF<br>AMERICA,<br><br>                         Defendants. | 20-CV-9268 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Green Haven Correctional Facility, brings this *pro se* action, which is styled as a "Petition To Confirm Final Arbitration Award Pursuant To 9 U.S.C.A. § 9." By order dated December 7, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]  The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed.*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff seeks to enforce an arbitration award of the "Sitcomm Arbitration Association."[2] He alleges that on August 19, 2019, Sitcomm arbitrator Keisha Jones entered an award of nearly $6 billion in his favor in his claim against President Donald Trump, Speaker of the House of Representatives Nancy Pelosi, Senator Charles Grassley, U.S. Supreme Court Justice John Roberts, Jr., and U.S. Attorney General William Barr. Plaintiff contends that the Court has jurisdiction over this matter under its diversity jurisdiction, 28 U.S.C. § 1332, though he does not plead facts about the domicile of any of the individuals named as defendants in this action.

The exhibit to the complaint, which appears to be the purported arbitration award, includes language such as the following:

---

[2] The Sitcomm Arbitration Association describes itself on its website (saalimited.com), as "a group of individuals who have either a Master's degree and/or a bachelor's degree in several varying fields including law, administration, real estate, contract and so on." The group states that it provides services to the "economically challenged."

Qui tam pro domino rege quam pro se ipso in hac parte sequitur. Pro rex regum et heredes . . . .

Recently, through exhaustive study and research, I have come upon information and facts relating to and bearing upon alleged matters within and arising from the above referenced alleged civil/commercial/military/criminal and other interaction process and procedure matters, the kidnapping of REDACTED FOR SECURITY and the subsequent alleged prosecution, processes and procedures, resulting in the alleged conviction and subsequent unlawful/un-constitutional warehousing/ imprisonment/custody of REDACTED FOR SECURITY, under, and pursuant to, the Emergency Banking Relief Act of 1933 and the laws and powers emanating therefrom, which are not compliant with, in accordance to, and pursuant to explicit authorities as laid out in the Constitution for the United States of America c1819, thereby creating the presumption and assumption that Constitutionally impermissible acts and misapplication of alleged Statute/Law/Code have occurred and been perpetrated within, and throughout, the aforementioned alleged matters, in which your alleged OFFICE, COURT and each Branch of the THE UNITED STATES OF AMERICA, including any and all LOCAL and STATE OF . . . equivalents/instrumentalities, conspired and participated within, and therein proceeded against the undersigned to commit and achieve an un-lawful/non-Constitutional conviction, custody, warehousing/ imprisonment, interactions under un/non-Constitutional military/commercial/ emergency powers, processes and procedures . . . .

(ECF 1 at 7.) The document is signed by various non-party individuals, who identify themselves as "Heir of the Creator, Real Man Living Soul, Secured Party, Holder-in-Due-Course, Real-Party-in-Interest, Administrator, Creditor, Custodian, [and] Beneficiary."

## DISCUSSION

Plaintiff relies on a purported arbitration award from the Sitcomm Arbitration Association, an organization that many courts have described as invalid. *See, e.g.*, *Magee v. Nationstar Mortg., LLC*, No. 5:19-MC-017-H, 2020 WL 1188445, at *1 (N.D. Tex. Mar. 11, 2020) (collecting cases and noting that "[t]his is one of the many cases in recent months where a court has repudiated an arbitration award made by Sitcomm."). Court decisions have described the Sitcomm Arbitration Association as engaging in the following "procedure":

Petitioner obtained an arbitration 'hearing' by sending Respondents an incomprehensible agreement to arbitrate and using their non-response to initiate

an arbitration. Moreover, the Award itself does not appear to have any grounding
in fact or law.

*Meekins v. Lakeview Loan Servicing, LLC*, No. 3:19-CV-0501 (DJN), 2019 WL 7340300, at \*3
(E.D. Va. Dec. 30, 2019) ("The Court expresses great skepticism about the validity of SAA as an
arbitration entity. Indeed, courts around the country have expressed doubts regarding SAA's
validity."); *see also Kalmowitz v. Fed. Home Mortg. Corp.*, 6:19-MC-00010 (JCB) (JDL), 2019
WL 6249298, at \*2 (E.D. Tex. Oct. 22, 2019) ("The purported arbitration agreement and award
do not appear to have any meritorious basis in fact or law, and Sitcomm does not appear to be a
valid entity of arbitration."); *U.S. Bank National Ass'n v. Nichols*, 19-CV-00482 (JED) (FHM),
2019 WL 4276995, at \*2 (N.D. Okla. Sep. 10, 2019) (noting that the Sitcomm Arbitration
Association award "is a bizarre jumble of inconsistent, nonsensical word salad" full of "legally
bizarre determination[s] contrary to hornbook contract law").

The Court concludes that the purported arbitration award is legally frivolous. Even when
read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's
claims rise to the level of the irrational, and there is no legal theory on which  he can rely. *See
Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to
cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,
657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).
Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court
declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C.
§ 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 8, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge